IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

JOHN E. STERNE,                )
                               )
        Plaintiff,             )
                               )
        v.                     )
                               )    CIVIL ACTION 1:05cv477(JCC)
SPECIAL AGENT DONALD           )
THOMPSON, *et al.*,            )
                               )
        Defendants.            )

**M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on the defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the following reasons, the Court will grant the defendants' Motion to Dismiss.

**I.  Background**

The plaintiff, John E. Sterne, has filed this action against Special Agent Donald Thompson, Special Agent Thomas Carter, and unnamed other agents of the Federal Bureau Investigation ("FBI"), pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). According to the plaintiff's complaint and supporting documents, Special Agent Doug Hartman approached the plaintiff on or about August 24, 2000 and asked the plaintiff to provide testimony in a drug investigation.  The plaintiff alleges that Hartman threatened to arrest him in an attempt to coerce the plaintiff's cooperation or testimony.  The plaintiff also claims that Hartman

threatened to deprive the plaintiff of his employment, and that he made derogatory statements about the plaintiff to the plaintiff's supervisor.[1]

Based on these allegations, the plaintiff claims that the defendants violated his constitutional "right to live in peace, without hindrance, or undue interference, form [sic] the government or its officers."  (Complaint, ¶ 2.)  The plaintiff infers the existence of this constitutional right from the protections afforded by the First, Fourth, Fifth, and Ninth Amendments.  He seeks $20,000 in damages for the alleged violation of his constitutional rights.

## II.  Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint, *see Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994), and should be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *De Sole v. United States*, 947 F.2d 1169, 1177 (4th Cir. 1991) (citations omitted); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  In passing on a motion to dismiss, "the material allegations of the complaint are taken as admitted."  *Jenkins v.*

---

[1] The plaintiff also claims that derogatory statements were made about him at his church.  While he does not specify whether either of the named defendants or Hartman made these alleged statements, the allegations surrounding these statements make clear that the plaintiff seeks to attribute these statements to Hartman.

*McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Moreover, "the complaint is to be liberally construed in favor of plaintiff." *Id.* In addition, a motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.

When pro se litigants are involved, courts are presented with a "special dilemma." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). In particular, pro se claims often present courts with "obscure or extravagant claims defying the most concerted efforts to unravel them." *Id.* The Fourth Circuit has recognized an "indisputable desire that those litigants with meritorious claims should not be tripped up in court on technical niceties." *Id.* at 1277-78 (citing *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978)). Despite the Fourth Circuit's general observation that pro se complaints should be read liberally, it has also stated that there is an outer limit to liberal construction that "does not require those courts to conjure up questions never squarely presented to them." *Id.* at 1278. This Court has carefully and liberally construed the allegations of Chance's pro se complaint, giving him every reasonable benefit. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### III.   Analysis

A.  <u>Respondeat Superior Liability</u>

While supervisory liability may lie in a *Bivens* action where the plaintiff alleges facts showing affirmative and direct culpability on the part of a supervisory official, *see Carter v. Morris*, 164 F.3d 215, 220 (4th Cir. 1999), there is no possibility of respondeat superior liability under *Bivens*. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).  "Instead, liability is personal, based upon each defendant's own constitutional violations."  *Id.*  Moreover, where the facts alleged in a *Bivens* action support only a respondeat superior claim, the complaint's use of a few conclusory legal terms will not insulate the complaint from dismissal under Rule 12(b)(6). *See id.* at 405 n.9; *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).

After viewing the factual allegations in a light most favorable to the plaintiff, it is apparent that the plaintiff alleges only a respondeat superior theory against Thompson and Carter.  Assuming the material allegations of the plaintiff's complaint to be true, Thompson's only involvement in the events alleged by the plaintiff stems from his role as Special Agent in Charge of the FBI's Fredericksburg office, and Carter's only involvement likewise stems from his role as a Supervisory Special Agent in the same office.  Each *factual* allegation spelled out in

the complaint is a purported act of Hartman, whom the plaintiff alleges to be Thompson and Carter's subordinate.  As herein discussed, however, a *Bivens* action does not lie where the plaintiff merely alleges that the actor was a subordinate of a sued official.  *Cf. McDonald v. Dunning*, 760 F. Supp. 1156, 1160 (E.D. Va. 1991) ("It is not enough . . . to show that subordinates of a sued official were the actors; the doctrine of respondeat superior has no application in § 1983 cases.").

While the plaintiff has alleged specific facts pertaining only to Hartman's actions, the complaint also includes several conclusory statements alleging that "the defendants" (without specifying which defendants) acted intentionally and maliciously to deprive the plaintiff of peace, and to cause duress and mental anguish to the plaintiff by threatening him with arrest and making derogatory statements about him.

> [T]he complaint accuses all of the defendants of having violated all of the listed constitutional and statutory provisions.  As a result, a series of 12(b)(6) motions to dismiss would lie to permit each particular defendant to eliminate those causes of action *as to which no set of facts has been identified that support a claim against him*.

*Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004) (emphasis added).  For the reasons stated by the Second Circuit in *Wynder*, the Court finds the above allegations to be conclusory, and thus inadequate by themselves to withstand a test of sufficiency under Rule 12(b)(6).  *See Migdal v. Rose Price-Fleming Int'l Corp.*, 248

F.3d 321, 326 (4th Cir. 2001) ("[A]lthough the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant.") (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 318 (2d ed. 1990)).

As the plaintiff has set forth only conclusory allegations raising a viable *Bivens* claim against Thompson and Carter, the Court will dismiss the claims against them under Rule 12(b)(6). The plaintiff has also listed unnamed FBI agents as defendants in his complaint, and has referred to Hartman as "the defendant Agent Hartman" in the body of the "brief" accompanying his complaint. The Court need not decide whether this was sufficient to identify Hartman as a defendant, however, because the record shows that the plaintiff failed to effectuate service of process on Hartman. *See* Fed. R. Civ. P. 4(i)(2)(B). Nevertheless, to the extent the plaintiff has raised any claims against Hartman, they need not be dismissed for insufficient service of process. As will be discussed below, any claims the plaintiff has raised against Hartman, as well as the plaintiff's claims against Thompson and Carter, are subject to dismissal under Rule 12(b)(6) because each defendant is entitled to qualified immunity.

B.  Qualified Immunity

  In determining whether an official who is sued is entitled to qualified immunity, the Court employs a two-pronged analysis.  The first question is whether the facts alleged, viewed in the light most favorable to the complaining party, show that the officer's conduct violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).  "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity."  *Id.*  If, on the other hand, the plaintiff has alleged a violation of a constitutional right, the second prong of the inquiry is "whether the contours of the right were clearly established such that 'a reasonable official would understand that what he [was] doing violate[d] that right.'" *Pike v. Osborne*, 301 F.3d 182, 184-85 (4th Cir. 2002) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (2002)).

  The plaintiff claims that the defendants' actions violated his constitutional "right to live in peace" from undue interference by government action.  While the Court is unaware of any authority finding the existence of this right as styled by the plaintiff, the claimed right does bear similarity to the right of privacy, which, as articulated by the Supreme Court, inheres in the penumbras of the constitutional amendments relied upon by the plaintiff.  *See Griswold v. Connecticut*, 381 U.S.

479, 484-85 (1965). At the same time, where the Constitution provides an explicit textual source of protection, that text, rather than the more generalized notion of the right to privacy, is the applicable standard. *Cf. Graham v. Connor*, 490 U.S. 386, 395 (1989) ("Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.").

With these principles in mind, the Court notes that the claimed violations of the plaintiff's constitutional rights fall into two categories: threats of arrest and publication of derogatory statements. As the Fourth Amendment provides an explicit source of textual protection against government seizure, it provides the frame of analysis for the plaintiff's threats of arrest claims. *See Graham*, 490 U.S. at 395 n.10. The Supreme Court has also recognized that the publication of derogatory statements can result in a deprivation of a constitutionally protected liberty or property interest, but such claims must be analyzed under the rubric of the Due Process Clause of the Fifth Amendment. *See Siegert v. Gilley*, 500 U.S. 226, 234 (1991).

Turning first to the plaintiff's allegations that Hartman threatened to arrest him, the complaint contains no allegation that any of the defendants ever detained the plaintiff

in any manner or for any length of time.  In other words, because the plaintiff alleges no actual arrest or even a *Terry* stop, there is no allegation of a seizure of the plaintiff's person. Where there is no search or seizure at all, the Fourth Amendment's protections are not triggered.  *See United States v. Young*, 105 F.3d 1, 5-6 (1st Cir. 1997).  In an unpublished opinion, the Seventh Circuit addressed a "threat to arrest" claim similar to the plaintiff's, and held that the Fourth Amendment was not implicated:

> [The plaintiff's] allegations regarding the defendants' threats to arrest and incarcerate him are insufficient as a matter of law to state a violation of his privacy rights under the Fourth Amendment. . . .  The protections of the Fourth Amendment . . . are limited to rights violated through unreasonable searches and seizures. . . . [The plaintiff's] allegations do not support the conclusion that the police officers' conduct constituted a seizure of his person.  He does not allege that he ever was arrested or even detained by the defendants.

*Dick v. Gainer*, No. 98-2257, 1998 U.S. App. LEXIS 31988, at *5-6 (7th Cir. 1998).  The plaintiff has failed to allege that Hartman, Thompson, or Carter violated a constitutional right, let alone a clearly established one.  Accordingly, the defendants are entitled to qualified immunity.

With regard to the plaintiff's defamation allegations, the complaint contains no allegation that the purported defamatory statements caused the plaintiff to suffer the loss of some constitutionally protected liberty or property interest.  It

is well established that a defamatory statement and a concomitant injury to reputation, by themselves, are insufficient to support a *Bivens* claim under the Fifth Amendment.  See *Siegert*, 500 U.S. at 234 (1991); *Paul v. Davis*, 424 U.S. 693, 705 (1976); *Tigrett v. Rectors & Visitors*, 290 F.3d 620, 628-29 (4th Cir. 2002).  The claimaint must, at the very least, allege the loss of a constitutionally protected liberty or property interest.  *Paul*, 424 U.S. at 711-12.  The plaintiff in the case *sub judice* has alleged that the defendants made defamatory statements about him at his place of employment, but he has not suggested that his employment was terminated or that the alleged statements affected any constitutionally protected liberty or property interest.  As the defendants' alleged actions did not infringe any constitutional rights, they are entitled to qualified immunity against the defamation claims as well.

### IV. Conclusion

For the foregoing reasons, the Court will dismiss the plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  An appropriate Order shall issue.


October 7, 2005                     _____/s/_____
Alexandria, Virginia                         James C. Cacheris
                                    UNITED STATES DISTRICT COURT JUDGE